# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEDEDIAH LESLIE VICKERS,
ROBERT ANTHONY PROPST,
JAMIE WILLIAM SITES,
JEREMY ANTHONY PROPST, and
CHARLES LEE BENNETT,

    Plaintiffs,

vs.           CIVIL ACTION NO. 2:05 CV 43
                (MAXWELL)

THE PENDLETON COUNTY
BOARD OF EDUCATION,
    Defendant.

FILED AUG 24 2007
U.S. DISTRICT COURT
ELKINS WV 26241

## ORDER

On February 15, 2007, a Motion To Reconsider Order Granting Defendant's Motion To Dismiss Based On Statute Of Limitations And Memorandum Of Law In Support Thereof was filed, *pro se,* by Plaintiff Jamie Williams Sites. In said Motion, Mr. Sites asks the Court to reconsider its July 10, 2006, Order granting the Defendant's Motion to Dismiss and dismissing the Plaintiffs' Complaint as barred by the statute of limitations. Mr. Sites' Motion is brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and, in support of his request for reconsideration of the Court's July 10, 2006, Order, Mr. Sites alleges that his attorney failed to timely file the above-styled lawsuit on his behalf and that he should not be held liable for "his counsel's malfeasance."

A Response To Plaintiff Jamie William Sites's Motion To Reconsider Order Granting Defendant's Motion To Dismiss was filed on behalf of Defendant The Pendleton County Board Of Education on March 8, 2007, and the Plaintiff's Response To Defendant's Motion Response To Plaintiff Jamie William Sites's Motion To Reconsider Order Granting Defendant's Motion To Dismiss was filed on March 28, 2007. Accordingly, the Plaintiff's Motion To Reconsider has been fully briefed and is ripe for resolution by the Court.

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The United States Court of Appeals for the Fourth Circuit has enunciated the following legal standard for evaluating a motion brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure:

> before a party may seek relief under Rule 60(b), a party first must show "timeliness, a meritorious defense, a lack of

2

> unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b). 731 F.2d at 207.

Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46 at 48 (4th Cir. 1993).

While the timeliness of Mrs. Sites' Motion To Reconsider is not an issue, the Court agrees with the Defendant that Mr. Sites has alleged no facts which could possibly be deemed "exceptional circumstances" warranting the application of Rule 60(b) of the Federal Rules of Civil Procedure. As noted by the Defendant, the United States Court of Appeals for the Fourth Circuit has expressly held that "a lawyer's ignorance or carelessness do [*sic*] not present cognizable grounds for relief under rule 60(b)." In re Virginia Information Systems Corp. v. Wang Laboratories, Inc., 932 F.2d 338, 342 (4th Cir. 1991). Although Mr. Sites alleges that his counsel's actions rise to the level of malfeasance, the Court does not believe that he has sufficiently demonstrated this to be the case.

Furthermore, the Court agrees with the Defendant that Mrs. Sites is unable to demonstrate a lack of unfair prejudice to the Defendant. As noted by the Defendant, Mr. Sites has had ample opportunity to set forth the arguments and facts that he now brings to the Court's attention. It is particularly noteworthy that Mr. Sites did not avail himself of the opportunity to appeal the Court's July 10, 2006, Order. Were the Court to grant Mr. Sites the relief requested in his Motion To Reconsider, the Defendant would, unfairly, be forced to defend against a claim which arose as a result of alleged conduct which occurred over thirteen years ago.

Because Mr. Sites has not satisfied the initial threshold requirements for application of Rule 60(b) of the Federal Rules of Civil Procedure, insofar as he has not established "exceptional circumstances" and has not demonstrated a lack of unfair prejudice to the Defendant, the Court finds that his Motion To Reconsider must be denied.

Accordingly, for the foregoing reasons, it is

**ORDERED** that the Motion To Reconsider Order Granting Defendant's Motion To Dismiss Based On Statute Of Limitations And Memorandum Of Law In Support Thereof filed, *pro se*, by Plaintiff Jamie William Sites (Docket No. 32) be, and the same is hereby, **DENIED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein and to Plaintiff Jamie William Sites.

**ENTER:** August 24th, 2007

United States District Judge